```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SERGUEI ARTEMOV,                                           :
                                                           :
                              Plaintiff,                   :     MEMORANDUM DECISION AND
                                                           :     ORDER
            - against -                                    :
                                                           :     20-cv-1892 (BMC)
TRANSUNION, LLC; EXPERIAN                                  :
INFORMATION SOLUTIONS, INC.; EQUIFAX                       :
INFORMATION SERVICES, LLC; BANK OF                         :
AMERICA, N.A.; and CITIBANK, N.A.,                         :
                                                           :
                              Defendants.                  :
                                                           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Serguei Artemov brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., alleging that various entries in his credit report were inaccurate or misleading. The Court granted the defendants' joint motion to dismiss and for judgment on the pleadings. One defendant, TransUnion, LLC ("defendant"), has moved for sanctions based on Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers. Although plaintiff's claims did not survive a dispositive motion, it was not patently obvious that these claims would not prevail. No binding precedent foreclosed the claims, plaintiff relied on two relevant out-of-circuit cases, and plaintiff did not persist with the case in the face of evidence that the allegations were demonstrably false. Therefore, the motion for sanctions is denied.

## BACKGROUND

In April 2020, plaintiff commenced this action against several banks and credit reporting agencies. As relevant here, he alleged that TransUnion issued a credit report showing that his

Citibank account had been charged off. However, the account also showed a past due balance, and it was lower than the actual balance. Plaintiff offered two reasons why this report was inaccurate. First, he argued that an account cannot simultaneously be charged off and have a past due balance. Second, he argued that the past due balance and the actual balance should have been equal.

Plaintiff had notified TransUnion of these inaccuracies, but the report did not change. The inaccuracy allegedly decreased his credit score, resulting in a denial of credit. Thus, plaintiff concluded, TransUnion violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure the accuracy of the report, and it then violated 15 U.S.C. § 1681i by failing to delete inaccurate information after receiving notice of the inaccuracies.

In September, I granted defendants' joint motion to dismiss and for judgment on the pleadings.[1] I first explained why the report was accurate. Charging off a debt "is a business practice where a creditor writes off a debt and no longer considers the account balance an asset for accounting purposes." Christian v. Equifax Info. Servs., LLC, No. 18-cv-13682, 2020 WL 2087869, at *4 (E.D. Mich. Apr. 30, 2020). But charging off a debt does not equate to debt forgiveness, nor is it the same as accelerating a debt. Thus, the banks had no obligation to zero out the balances, even though the accounts had been charged off.

In reaching this conclusion, I distinguished Jackson v. Equifax Information Services, LLC, No. 18-cv-271, 2019 WL 179570 (M.D. Ga. Jan. 11, 2019), a case on which plaintiff relied. There, a credit report incorrectly stated that a charged off account had a scheduled monthly payment, which "could materially mislead a prospective lender about the nature of

---

[1] The defendants who had not filed an answer moved to dismiss under Rule 12(b)(6), while the other defendants, who had filed an answer, moved for judgment on the pleadings under Rule 12(c).

[p]laintiff's obligation to make payments on this account." Id. at *4. Here, by contrast, plaintiff had not alleged that the credit report reflected a monthly payment. The case thus resembled ones in which courts have held that reporting a monthly payment on a charged off debt did not violate the FCRA, because the debtor was still obligated to make monthly payments on the account in an amount less than the full balance.

As for the difference between the past due and overall balances, I concluded that plaintiff lacked standing. Because the past due balance was actually *higher* than reported, the discrepancy could not have resulted in a denial of credit. Thus, plaintiff had alleged, at most, a procedural violation that resulted in no harm.

Plaintiff had also proffered a third theory – that reporting a lower past due account conveys to creditors that he had an ongoing monthly obligation. I declined to address this theory because plaintiff raised it for the first time in his opposition memorandum, not in an amended complaint. Yet the parties had not provided a copy of the challenged credit report, so I lacked sufficient information to determine whether an amendment would be futile. I therefore granted leave to amend.

Soon after, TransUnion brought this motion for sanctions. No other defendant has signed on. And plaintiff has since filed a notice of voluntary dismissal.

## DISCUSSION

### I.     Rule 11

Defendant first seeks attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure. Rule 11(c)(1) allows a court to impose an "appropriate sanction" if the court determines, after notice and a reasonable opportunity to respond, that a party has violated Rule 11(b). Under that rule, an attorney submitting a pleading certifies that the claims "are

3

warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

When a party moves for sanctions under Rule 11, the standard "is not based on the subjective beliefs of the person making the statement" but rather is one of objective unreasonableness. StreetEasy, Inc. v. Chertok, 752 F.3d 298, 307 (2d Cir. 2014) (quotation omitted). An argument falls below this standard if "it is clear that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994) (*colatus*). "Accordingly, courts in the Second Circuit have found sanctions appropriate in cases where a plaintiff files a claim that is clearly deficient and where he advances no plausible argument in favor of validity." De la Fuente v. DCI Telecomm., Inc., 259 F. Supp. 2d 250, 262 (S.D.N.Y. 2003) (citing Burekovitch v. Hertz, No. 01-cv-1277, 2001 WL 984942, *13 (E.D.N.Y. July 24, 2001); Inter-County Resources, Inc. v. Medical Resources, Inc., 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999)).

When considering sanctions, however, a district court must read Rule 11 "in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). "[T]he principal objective . . . is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." Abdelhamid v. Altria Grp., Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (quotation omitted). In short, Rule 11 "is targeted at situations where it is patently clear that a claim has absolutely no chance of success." Rubenstein v. Live Nation Entm't, 272 F. Supp. 3d 544, 546 (S.D.N.Y. 2017) (quotations omitted).

4

This case fails to meet that standard. Importantly, no binding authority foreclosed plaintiff's claims. See Kim v. Kimm, 884 F.3d 98, 107 (2d Cir. 2018). Although defendant has cited a wealth of cases that cut against plaintiff's position, these cases arose in district courts outside the Second Circuit. And to the extent that defendant relies on binding authority, it addresses only general propositions, not the specific issues that caused the complaint to fail.

Moreover, plaintiff cited out-of-circuit cases that were factually similar, though ultimately distinguishable. See id. For the first alleged inaccuracy, plaintiff relied on Jackson. And for the second, plaintiff cited Robins v. Spokeo, Inc., 867 F.3d 1108, 1117 (9th Cir. 2017), where the Ninth Circuit reasoned that "flattering inaccuracies" on a credit report could still cause harm. Therefore, plaintiff's claims were neither "foreclosed *a priori* by binding precedent" nor "unsupported by case law," even though they were "unlikely to succeed." Kim, 884 F.3d at 107 (quoting Fishoff v. Coty Inc., 634 F.3d 647, 655 (2d Cir. 2011). That strongly suggests that sanctions are not appropriate.

In resisting this conclusion, defendant largely repeats the same arguments it made in favor of its motion for judgment on the pleadings. Defendant notes that accuracy defeats a claim under § 1681i, that charging off a debt is not the same as debt forgiveness, and that plaintiff lacked standing to challenge the discrepancy between the overall and past due balances. All true. But these arguments merely rehash the reasons why the Court dismissed the claims; they do not bear upon the current issue – whether it was "patently clear" that plaintiff's claims had "no chance" of success. Rubenstein, 272 F. Supp. 3d at 546 (quotation omitted). Therefore, I cannot conclude that these claims crossed the line "from merely losing to losing *and* sanctionable," and I will not impose sanctions under Rule 11. Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993) (quotation omitted).

## II.    28 U.S.C. § 1927

Defendant also seeks costs and attorneys' fees under 28 U.S.C. § 1927. That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This provision has a certain degree of overlap with Rule 11, but sanctions must still be "treated and determined separately." United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1346 (2d Cir. 1991) (quotation omitted). Importantly, Rule 11 and § 1927 impose different standards. "[W]hile the standard for triggering sanctions under Rule 11 is objective unreasonableness, to impose sanctions under § 1927, the court must make a finding of conduct constituting or akin to bad faith." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 178 (2d Cir. 2012) (*colatus*). Specifically, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith." Kim, 884 F.3d at 106 (quotations omitted).

Here, I find no clear evidence that the claims were entirely without color. A claim is without color "when it lacks *any* legal or factual basis." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 337 (2d Cir. 1999) (quotation omitted). As explained, no binding authority precluded plaintiff's position, and he sought to extend two relevant out-of-circuit authorities. Defendant has once again confused a losing claim with a sanctionable one. Those are not the same, and "treating [them] as such could discourage lawyers from taking on certain

6

cases where they believe it is a close case." Huebner v. Midland Credit Mgmt., Inc., No. 14-cv-6046, 2016 WL 6652722, at *3 (E.D.N.Y. Nov. 10, 2016), aff'd, 897 F.3d 42 (2d Cir. 2018).

I also cannot find bad faith. A claim is brought in bad faith "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Schlaifer, 194 F.3d at 336 (quotation omitted). "[I]t bears underscoring that the 'bad faith' requirement imposes a high bar." Garcia v. Execu|Search Grp., LLC, No. 17-cv-9401, 2019 WL 689084, at *4 (S.D.N.Y. Feb. 19, 2019) (quotation omitted). To clear that bar, defendant points to several cases in which plaintiff's counsel has set forth the same legal theory that failed here. But those cases remain pending; they were not decided, let alone binding, at the time the Court decided the dispositive motions.

Defendant also points to my decision in Kaufman v. Equifax Information Services, LLC, No. 18-cv-7420, 2019 WL 3997461 (E.D.N.Y. Aug. 22, 2019), but to no avail. There, the plaintiff alleged that his credit report inaccurately reported a late payment. The plaintiff and his counsel had not properly investigated the factual basis for this allegation before filing the complaint, and they continued to litigate it even after defendants produced documents demonstrating that the allegations were false. This case does not involve the same egregious conduct. Defendant does not identify any demonstrably false allegations; it simply takes issue with the legal conclusions that plaintiff draws from those allegations. And the only evidence of an "improper purpose" is a terse series of emails between opposing counsel, in which plaintiff's counsel refused to withdraw the complaint. That is not enough. Compare Huebner, 2016 WL 6652722, at *4–6. Therefore, I will not impose sanctions under § 1927.

### III. The Court's Inherent Powers

Finally, defendant asks the Court to award attorneys' fees and costs pursuant to its inherent powers. "A court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court." Yukos Capital S.A.R.L. v. Feldman, --- F.3d ---, No. 19-1109, 2020 WL 5948910, at *11 (2d Cir. Oct. 8, 2020). In order to impose sanctions, a district court must apply the same standard that applies under § 1927, namely, the court "must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." Abreu v. Receivable Collection Servs., LLC, No. 18-cv-4103, 2019 WL 1876722, at *2 (E.D.N.Y. Apr. 26, 2019) (quotation omitted). "[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." Id. (quotations omitted). Thus, for the same reasons that sanctions are not warranted under § 1927, the Court will not sanction plaintiff under its inherent powers.

### CONCLUSION

The motion for sanctions [36] is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　October 20, 2020